[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de: PLAINTIFF'S MOTION TO OPEN JUDGMENT AND MODIFY ALIMONY AND SUPPORT (#135)
CT Page 11891 AND DEFENDANT'S MOTION TO REOPEN JUDGMENT AND MODIFY PHYSICAL CUSTODY RES DECREE POST-JUDGMENT (#134)
1. The Plaintiff's Motion
The parties' marriage was dissolved by judgment entered July 6, 1988 at which time their agreement was approved and incorporated in the decree. Article III provided for periodic alimony payable by the defendant to the plaintiff until July 1, 1998, non-modifiable by plaintiff as to amount or term. The defendant was entitled to seek modification under certain conditions during the term. He did not.
Article IV provides for child support of $15,000 per year, per child, subject to cost of living increases adjusted by utilizing the New York Consumer Price Index. The plaintiff now seeks to modify the child support order alleging a substantial change in circumstances, including the increased expenses of the children, which expenses are paid by the plaintiff.
The plaintiff's affidavit dated July 6, 1988 listed no income. She is now 43, in good health and within one semester of obtaining a college degree. She is currently employed in retail sales in a store in The Westchester, a mall located in White Plains, New York. Her year to date net earnings, through September 13, 1998, is $11,069.75. She has been so employed for three years.
The defendant is a medical doctor in private practice via his PC and has been so engaged since the dissolution. In 1987 his compensation was $262,249, (Plaintiff's Exhibit #3 and #8). His current affidavit dated September 9, 1998 lists an annual gross of $301,304 and monthly net after taxes of $18,483.
The parties combined net incomes are well beyond the Connecticut Child Support Guidelines Schedule of basic child support obligations. Section 46b-215a-2(a) provides in such event that:
 ". . . the amount of support prescribed at the $1,750 level shall be the minimum presumptive level."
CT Page 11892
The parties have two children, Rebecca Ann, d.o.b. October 21, 1981, a high school senior, and David Samuel, d.o.b. April 16, 1984. The presumptive minimum for two children is $480 weekly, or $2,087 monthly. The parties' agreement provides for $2,500 monthly child support for the two children and a current C.O.L.A. of $60 monthly. The plaintiff has failed to demonstrate a change in circumstances in the needs of the children warranting a modification of child support. The plaintiff's motion is denied.
II. The Defendant's Motion
At issue is the summer camp expense for the parties' son for this year. VII paragraph 7.2 of the agreement provides that the parties shall each pay one-half of the bill if incurred prior to the plaintiff's no longer receiving alimony. The camp began in June, the bill was rendered prior thereto, and the clear language of the agreement obliges the plaintiff to pay one-half.
The defendant's motion is granted and he shall deduct $50 per month from the child support payment until one-half of the summer camp bill has been recovered by him.
So Ordered.
HARRIGAN, J.